IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DELOS LAMONT WELLS, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MIKE MARTIN, )<br>    Defendant. ) | Case No. 7:17-cv-00327<br><br>By: Elizabeth K. Dillon<br>     United States District Judge |

**MEMORANDUM OPINION**

Delos Lamont Wells, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against defendant Captain Mike Martin, alleging violations of his Fourth Amendment right to be free from unlawful search and seizure. (Compl. Dkt. No. 1; Response, Dkt. No. 23.) Martin filed a motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 20.) In support of his motion to dismiss, defendant attached the memorandum opinion adjudicating Wells' appeal of his state criminal conviction, which is a public record. (Dkt. No. 21-1.) Wells responded in opposition to defendant's motion to dismiss, and this matter is ripe for disposition. (Dkt. No. 23.) For the reasons that follow, the court finds that *Heck v. Humphrey*, 512 U.S. 477, 478 (1994), bars the action, and so the court dismisses it without prejudice.

I. BACKGROUND

In his verified complaint, Wells alleges in two brief, conclusory sentences that he was "illegally strip searched by Captain Mike Martin on April 29, 2015" and that the "cops had no search warrant while searching [his] house[.]" In support, Wells lists seven names of "witness(es)." Wells also lists his underlying criminal case in the City of Waynesboro Circuit

Court, CR16000180-00, which was on appeal at the time Wells filed this complaint. (Compl., Dkt. No. 1.)

In support of his motion to dismiss, Martin submits the unpublished memorandum opinion rejecting Wells' appeal of his underlying City of Waynesboro conviction. The Court of Appeals of Virginia issued the opinion, on October 17, 2017, affirming Wells' conviction for possession with the intent to distribute synthetic marijuana after previously having been convicted of violating Virginia Code § 18.2-248. (*Delos Lamont Wells, a/k/a Monty v. Commonwealth of Virginia*, Record No. 0201-17-3, slip op. (Va. Ct. App. Oct. 17, 2017), Dkt. No. 21-1.) On appeal, the Court of Appeals of Virginia reviewed Wells' claim that the trial court erred in denying his motion to suppress evidence. Specifically, Wells argued the police searched him without a valid search warrant, violating the Fourth Amendment, and therefore, the synthetic marijuana found on his person was inadmissible. *Id.* at 3. Because of this search, Wells claimed his conviction should be reversed. Rejecting Wells' arguments, the Court of Appeals of Virginia held that the scope of the warrant was valid, and the search and seizure did not violate Wells' Fourth Amendment rights. *See id.* at 7, 9. Subsequently, Wells filed a petition to appeal this decision in the Supreme Court of Virginia on November 13, 2017. (Dkt. No. 21-2.) On July 30, 2018, the petition for appeal was refused, according to information publicly available on the Supreme Court of Virginia's website.

In his response, Wells includes a "Motion to Strike Dismissal" and a "Motion for Evidence." (Dkt. No. 23.) In support of his initial complaint, Wells alleges the search warrant underlying his state criminal conviction "ha[d] no legal grounds[,] no name [was] on the warrant," and there was "no probable cause to search [his] person." *Id.* at 1. Wells further states the time on the warrant was inaccurate, and the warrant described a search for cocaine, not

2

synthetic marijuana. *Id.* Wells moves the court to subpoena the listed witnesses and the Waynesboro Police Department Swat Team members who were present on April 29, 2015, and to direct the United States Marshals to collect police body cameras, pictures from the arrest, warrants, and "legal documents." *Id.* at 3.

## II. LEGAL STANDARD

A complaint must give the defendant "fair notice of what the [ ] claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While the standard "does not require 'detailed factual allegations,'…it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Twombly*, 550 U.S. at 555).

To survive a defendant's motion to dismiss for failure to state a claim, the "complaint must establish 'facial plausibility' by pleading 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 554 (4th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679). Although a complaint need not plead facts with heightened specificity, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. Consequently, "a plaintiff must 'nudge[ ] [its] claims across the line from conceivable to plausible' to resist dismissal." *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 364-65 (4th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible if the complaint contains factual content to allow the court to reasonably infer that there is "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. When considering the legal sufficiency

of the complaint, the court accepts all well-pled factual allegations as true and all reasonable inferences "in the light most favorable to the plaintiff."[1]  *Wag More Dogs*, 680 F.3d at 365.

Ordinarily, on a motion to dismiss, the court may not consider any documents that are outside the complaint unless the motion is converted to one for summary judgment.  Fed. R. Civ. P. 12(d).  However, courts have made narrow exceptions for "official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed."  *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006); *Gasner v. Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995); *see also Philips v. Pitt Cnty. Mem'l Hosp.,* 572 F.3d 176, 180 (4th Cir.2009) ("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record.").  In this context, matters of public record include copies of pleadings and opinions from other courts or prior proceedings.  *Walker v. Kelly,* 589 F.3d 127, 139 (4th Cir.2009), *cert. denied,* 560 U.S. 920 (2010) ("[A] federal court may consider matters of public record such as documents from prior state court proceedings in conjunction with a Rule 12(b)(6) motion").

### III.  DISCUSSION

### A.  Wells' Claim Is Barred By *Heck v. Humphrey*

Wells alleges that Captain Martin violated his rights under the Fourth Amendment by performing an "illegal strip search" of him without a valid search warrant.

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), "a state prisoner's § 1983 action is barred . . . if success in that action would necessarily demonstrate the invalidity of [that prisoner's] confinement or its duration," unless the prisoner proves that the challenged criminal

---

[1] In order to allow for the development of a potentially meritorious claim, federal courts must construe *pro se* pleadings liberally.  *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citation omitted); *see Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009).  Nevertheless, "[a] *pro se* plaintiff still must allege facts that state a cause of action."  *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (citation omitted).

4

or disciplinary conviction has been terminated in his favor. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (interpreting *Heck* holding); *see also Edwards v. Balisok*, 520 U.S. 641, 647-48 (1997) (applying *Heck* to § 1983 claim seeking restoration of good conduct time forfeited as penalty for prison disciplinary conviction).

Wells cannot prove favorable termination because he is still convicted for the crime underlying the events for which he seeks monetary relief. Moreover, Wells complains of the police search that resulted in locating synthetic marijuana on Wells' person, which is the basis of his possession crime. By alleging that Captain Martin illegally strip searched Wells and that the police did not prepare a valid search warrant, Wells calls into question the validity of the search underlying his criminal conviction. Success on this claim would necessarily imply the invalidity of his conviction. Accordingly, the complaint is barred by *Heck* and must be dismissed.

**B. Wells Fails to State a Fourth Amendment Claim**

Even assuming *Heck* was inapplicable, Wells fails to state a cognizable Fourth Amendment claim.

In order to state a claim under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. Const. amend. IV. It is well-settled that "a search conducted without a warrant issued upon probable cause is 'per se' unreasonable.'" *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)). In a criminal proceeding, "evidence obtained as a result of an unlawful, warrantless arrest [is] suppressible if the link between the evidence and the unlawful conduct is not too attenuated." *Immigration & Naturalizaiton Serv. v.*

*Lopez-Mendoza*, 468 U.S. 1032, 1041 (1984).  The exclusionary rule, "when applicable, forbids the use of improperly obtained evidence at [a criminal] trial." *Herring v. United States*, 555 U.S. 135, 139 (2009); *United States v. Crews*, 445 U.S. 463, 470 (1980) (exclusionary rule applies to any "fruits" of a constitutional violation).

While the court construes Well's *pro se* complaint liberally, the bulk of facts that are required to support Well's two-sentence complaint must be inferred from the Court of Appeals' memorandum opinion.  Even incorporating those facts, at the most, Wells' alleges the search warrant was invalid because it identified "no legal grounds," "no name," and identified cocaine instead of synthetic marijuana.  He broadly concludes that the search warrant lacked requisite probable cause.  It is clear to the court that such broad and conclusory allegations fail to provide Captain Martin with fair notice of the facts and legal basis upon which his liability rests.  *See Twombly*, 550 U.S. at 555.

Moreover, it appears that Wells uses this § 1983 action to pursue the same Fourth Amendment claim he raised on appeal at the state level.  The merits of this claim were thoroughly reviewed and rejected by the Virginia Court of Appeals.  To the extent he seeks to appeal that decision through the present § 1983 complaint, the claim cannot be reviewed.  *Heck*, 512 U.S. at 486 (civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments").

## IV.  CONCLUSION

For the foregoing reasons, the court will grant defendant's motion to dismiss and dismisses Wells' claims without prejudice.

An appropriate order will be entered this day.

Entered: September 24, 2018.

                                                             /s/ *Elizabeth K. Dillon*
                                                          Elizabeth K. Dillon
                                                          United States District Judge